## Gordon v. Insurance Company of North America.

*Fire insurance—Failure to render proofs of loss within required time— Waiver—Estoppel.*

Under a policy of fire insurance requiring proofs of loss to be rendered within a specified number of days after the fire, unless the time is extended in writing by the company, there can be no recovery unless the time has been extended or the insured has been deceived or misled by the company, or its conduct has been such as to estop it from relying upon the requirement.  Mere delay in negotiations for a settlement, which neither deceived nor misled the policy-holder, will not work an estoppel.

Rule for judgment on question of law raised by affidavit of defence.  C. P. No. 5, Phila Co., March T., 1921, No. 4980.

*M. G. Weinberg* and *H. J. Weinberg*, for plaintiff.

*Henry, Pepper, Bodine & Stokes*, for defendant.

MARTIN, P. J., Dec. 2, 1921.—Suit was instituted upon a policy of insurance isued by defendant indemnifying plaintiff against loss by fire upon knitted goods, sweaters and materials at No. 515 North 2nd Street, in the City of Philadelphia.

On Nov. 30, 1920, a fire occurred and plaintiff sustained damage to the amount of $1922.75.

It is averred in the statement of claim that "plaintiff did, forthwith, after the said loss or damage at Philadelphia on or about Dec. 1, 1920, give notice thereof to the said defendant company, and also as soon after as possible did deliver, in as particular an account and statement of the said loss or damage,

1 D. & C.

as the nature of the case admitted. The plaintiff further avers that the matter was taken up on behalf of the defendant by the General Adjustment Bureau of the City of Philadelphia, which was taking care of the interest of the defendant company, and that the matter was not adjusted, as a result of which action on the part of the representatives of the defendant company, the plaintiff did not supply a proof of loss until some time later. The plaintiff avers that he thereupon served and contributed to the said defendant a full and sufficient proof of loss on or about March 1, 1921, after a number of conferences with the representatives of the defendant company, which caused a delay in the filing of said proof of loss, showing the amount of the loss in the sum of $1922.75, and that the share of the defendant company was $824.04, which proof of loss was received by the said defendant."

A copy of the policy was attached to the statement of claim, by the terms of which it appears that "the insured shall, within sixty days after the fire, unless such time is extended in writing by this company, render this company proof of loss."

The affidavit of defence, in the nature of a demurrer to the statement of claim, among other grounds, set forth that "the fire occurred on or about Nov. 30, 1920, and that the alleged proof of loss was not filed until March 1, 1921, more than sixty days thereafter."

The statement of claim contains neither averment nor copy of any writing wherein the time was extended by the defendant.

It is not alleged in the statement of claim that plaintiff was deceived or misled, and no action on the part of defendant as recited therein amounts to estoppel.

Having failed to comply with the terms of the policy, plaintiff cannot recover in this action.

Rule discharged. Judgment for defendant.